The HARRISON COUNTY FINANCE CORPORATION, Appellant,

v.

KPMG PEAT MARWICK, LLP, Appellee.

No. 06–97–00006–CV.

Court of Appeals of Texas, Texarkana.

Argued June 24, 1997.

Decided July 9, 1997.

Rehearing Overruled Aug. 5, 1997.

---

James W. Hill, Longview, for Appellant.

Timothy W. Mountz, Baker & Botts, L.L.P., Dallas, Jane Nenninger Bland, Baker & Botts, Houston, for Appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

ROSS, Justice.

The Harrison County Housing Finance Corporation appeals a summary judgment in favor of the defendant-appellee, KPMG Peat Marwick, LLP. The appellant contends in its sole point of error that the trial court erroneously concluded that its claims were barred by the applicable statutes of limitations.

The judgment is affirmed as to the appellant's warranty claim, but is reversed and the case remanded on the appellant's negligence and DTPA claims.

On January 25, 1996, the appellant filed its original petition in this case. The petition alleged that the appellant retained the appellee's accounting and auditing services in connection with bonds that it issued in 1980. The appellee determined in 1985 that there were irregularities in the accounting of the bond fund conducted by the trustee of the bonds, First Interstate Bank of California ("First Interstate"). The appellee informed First Interstate of the irregularities and advised First Interstate concerning the amount of the capital reserve fund requirement. The advice understated the requirement and was not disclosed to the appellant. In February 1989, First Interstate sold the capital reserve fund, resulting in a loss exceeding $621,000.00. The appellant contended that the appellee's actions caused the loss, alleging violations of express warranties and of various provisions of the Texas Deceptive Trade Practices Act ("DTPA"), and negligence.

On August 15, 1996, the appellee filed a motion for summary judgment, arguing solely that the appellant's claims were barred by the applicable statutes of limitations. The appellee argued that the appellant discovered its injuries more than two years before July 14, 1995, the date on which the appellant had filed a case against the appellee in federal district court. The complaint in the federal district court sought the same relief for the same injuries that the appellant seeks in the instant case. The appellee presented summary judgment evidence that the federal suit was dismissed for lack of subject-matter jurisdiction.

In support of its motion for summary judgment, the appellee attached *inter alia* the appellant's original petition in a suit it filed against First Interstate on February 1, 1993. That petition sought recovery for the loss that the appellant incurred when First Interstate sold the fund assets in 1989. The appellee claimed that this petition evidenced the appellant's awareness of its injuries as of February 1, 1993. The appellant later filed a first amended petition, asserting that on October 1, 1993, it learned that the appellee knew of the disputed financial irregularities. The record does not indicate that the appellant filed any summary judgment evidence.

The trial court granted the appellee's motion for summary judgment.

Summary judgment is appropriate if the summary judgment evidence,

> on file at the time of the hearing, or filed thereafter and before judgment with permission of the court, show[s] that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response.

Tex.R. Civ. P. 166a(c). When deciding whether a disputed issue of material fact

precludes summary judgment, an appellate court views all evidence in the light most favorable to the nonmovant and resolves all doubts in its favor. *Nixon v. Mr. Property Management,* 690 S.W.2d 546, 548–49 (Tex. 1985).

> A defendant seeking summary judgment on the basis of limitations must prove when the cause of action accrued and must negate the discovery rule by proving as a matter of law that there is no genuine issue of fact about when the plaintiff discovered or should have discovered the nature of the injury.

*Burns v. Thomas,* 786 S.W.2d 266, 267 (Tex. 1990).

To determine whether the appellant's claims were barred when filed, we must first determine which filing date is applicable-July 14, 1995 (the federal case) or January 25, 1996 (the state case). The appellee concedes that July 14, 1995, is the relevant date. Therefore, we look to the filing of the federal case, as provided by TEX. CIV. PRAC. & REM. CODE ANN. § 16.064 (Vernon 1997).

## I.

### Negligence Claim

■ The appellant's negligence claim is subject to a two-year statute of limitations. TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(a) (Vernon Supp.1997); *Willis v. Maverick,* 760 S.W.2d 642, 644 (Tex.1988). Section 16.003(a) provides that certain actions must be brought "not later than two years after the day the cause of action accrues." The section does not define "accrues." When "accrual" is not defined by statute, courts must determine when a cause of action accrues. Usually, a cause of action accrues "when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later...." S.V. v. R.V., 933 S.W.2d 1, 4 (Tex.1996). However, in certain cases, courts apply the discovery rule, meaning "that an action does not accrue until the plaintiff knew or in the exercise of reasonable diligence should have known of the wrongful act and resulting injury." *Id.* Courts apply the discovery rule "in those cases where the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable." *Computer Assocs. Int'l, Inc. v. Altai, Inc.,* 918 S.W.2d 453, 456 (Tex.1994). *S.V.,* 933 S.W.2d at 7, explained the meaning of "inherently undiscoverable":

> To be "inherently undiscoverable", an injury need not be absolutely impossible to discover, else suit would never be filed and the question whether to apply the discovery rule would never arise. Nor does "inherently undiscoverable" mean merely that a particular plaintiff did not discover his injury within the prescribed period of limitations; discovery of a particular injury is dependent not solely on the nature of the injury but on the circumstances in which it occurred and plaintiff's diligence as well. An injury is inherently undiscoverable if it is by nature unlikely to be discovered within the prescribed limitations period despite due diligence.

■ The appellant argues that the discovery rule should apply because the appellee owed a fiduciary duty to the appellant. The Texas Supreme Court has twice held a fiduciary's conduct to be inherently undiscoverable because "a person to whom a fiduciary duty is owed is either unable to inquire into the fiduciary's actions or unaware of the need to do so." *Id.* at 8. An Eastland case has applied the discovery rule to an accounting malpractice case because of a "fiduciary relationship" between the accountant and his client. *Woodbine Elec. Serv., Inc. v. McReynolds,* 837 S.W.2d 258, 262 (Tex.App.-Eastland 1992, no writ). However, *Woodbine* cannot be applied blindly to every accounting malpractice case. Some relationships, such as the attorney-client relationship, always involve a fiduciary duty. *Thigpen v. Locke,* 363 S.W.2d 247, 253 (Tex.1962); M. Thomas Arnold, *Breach of Fiduciary Duty,* ACCOUNTANTS' LIABILITY 1994, 506 PLI/Lit 341, 347. In contrast, the accountant-client relationship does not always involve a fiduciary duty. *Squyres v. Christian,* 253 S.W.2d 470, 471 (Tex.Civ.App.-Fort Worth 1952, writ ref'd n.r.e.) ("Appellees have cited no case, and we have found none, to the effect that ... the mere handling of a general accounting business establishes such a fiduciary relationship

between an accountant and one of his clients as would toll the statute of limitation; . . . ."); Arnold, *Breach of Fiduciary Duty,* at 348–49. For example, an auditor usually does not owe a fiduciary duty to his client. *Franklin Supply Co. v. Tolman,* 454 F.2d 1059, 1065 (9th Cir.1971); Arnold, *Breach of Fiduciary Duty,* at 349.

We simply do not have enough information to decide whether the appellee owed a fiduciary duty to the appellant. However, we still conclude that the appellant's negligence action was "inherently undiscoverable." The appellant's petition alleged that each of the appellee's acts and omissions was negligent. Presumably, then, the appellant's negligence action incorporates the allegation of nondisclosure. Many cases have found a cause of action to be inherently undiscoverable when it is based upon (1) the provision of complex services, or (2) secret actions by the defendant. *E.g., Kelley v. Rinkle,* 532 S.W.2d 947, 949 (Tex.1976) (holding the preparation of a libelous credit report to be inherently undiscoverable); *Thomson v. Espey Huston & Assocs., Inc.,* 899 S.W.2d 415, 423 (Tex.App.-Austin 1995, no writ) (holding that negligence in the performance of engineering services is inherently undiscoverable); *Diesel Fuel Injection Serv., Inc. v. Gabourel,* 893 S.W.2d 610, 613 (Tex.App.-Corpus Christi 1994, no writ) (applying the discovery rule to a cause of action based upon negligent repair of an engine); *Fibreboard Corp. v. Pool,* 813 S.W.2d 658, 679–80 (Tex.App.-Texarkana 1991, writ denied) (applying the discovery rule in a case in which a plaintiff was not informed an x-ray report was consistent with asbestosis). Because the appellant's cause of action concerns the appellee's failure to disclose his advice concerning complex financial matters, it was inherently undiscoverable.

The loss of $621,000.00 is objectively verifiable. See S.V., 933 S.W.2d at 7. Therefore, because the nature of the injury is inherently undiscoverable and the evidence of injury is objectively verifiable, we apply the discovery rule in this case.

Having determined that the discovery rule applies, we must determine when the appellant's cause of action accrued. If the appellant's cause of action accrued before July 14, 1993, the negligence claim is barred by limitations. The appellee contends that the cause of action accrued on February 1, 1993, when the appellant filed its petition against First Interstate. The appellee argues that as of February 1, 1993, the appellant was aware of its damages-*i.e.,* the $621,-000.00 loss in the bond fund. The appellee points to numerous Texas cases holding that when the discovery rule applies, a cause of action accrues when a party discovers the nature of its injury. *E.g., Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 351 (Tex.1990). The appellee contends that the appellant discovered the nature of its injury-*i.e.,* its financial loss-by February 1, 1993.

Courts have employed several formulations to describe when a cause of action subject to the discovery rule accrues. Probably the most common formulation is the one noted by the appellee: the cause of action accrues when "the plaintiff discovers, or through the exercise of reasonable care and diligence should discover, the nature of his injury."[1] *Id.* However, *Willis v. Maverick,* 760 S.W.2d 642, 646 (Tex.1988), holds that a cause of action accrues when "the claimant discovers or should have discovered through the exercise of reasonable care and diligence the facts establishing the elements of a cause of action." Another case uses the tests interchangeably:

> [T]he statute of limitations does not begin to run until the claimant discovers or, in the exercise of reasonable diligence, should have discovered the facts establishing a cause of action. A defendant seeking summary judgment on the basis of limitations must prove when the cause of action accrued and must negate the discovery rule by proving as a matter of law that there is no genuine issue of fact about when the plaintiff discovered or should have discovered the nature of the injury.

---

1. Although many of these cases state that the statute of limitations is tolled until discovery, it is more accurate to state that the discovery rule defers accrual of the cause of action. S.V. v. R.V., 933 S.W.2d 1, 4 (Tex.1996).

*Burns,* 786 S.W.2d at 267 (citation omitted). One case equates the two tests:

> When defendants as movants rely on the affirmative defense of the running of limitations, they must establish when the cause or causes of action accrued and must negate the discovery rule by proving as a matter of law that there is no genuine issue of fact about when the plaintiff discovered or should have discovered in the exercise of reasonable diligence, the elements of his cause of action, or put in another way, the nature of his injury.

*Martinez v. Humble Sand & Gravel, Inc.,* 860 S.W.2d 467, 470 (Tex.App.-El Paso 1993), *rev'd on other grounds,* 875 S.W.2d 311 (Tex. 1994) (citation omitted). Two other cases imply that a cause of action accrues when a plaintiff discovers the nature of his injury and cause of action. *Hellman v. Mateo,* 772 S.W.2d 64, 66 (Tex.1989); *Stotter v. Wingo,* 794 S.W.2d 50, 53 (Tex.App.-San Antonio 1990, no writ).

■ In recent cases, the Texas Supreme Court has employed a new formulation: a cause of action accrues when a "plaintiff knew or in the exercise of reasonable diligence should have known of the wrongful act and resulting injury." *Diaz v. Westphal,* 941 S.W.2d 96, 99 (Tex.1997); S.V., 933 S.W.2d at 4. This new formulation makes it clear that a cause of action does not accrue merely because a plaintiff becomes aware of an injury. In fact, courts have consistently held that a cause of action does not accrue until a plaintiff becomes aware of the wrongful act causing the injury. *See Hellman,* 772 S.W.2d at 66 (medical malpractice cause of action accrues when plaintiff discovers misdiagnosis); *Estate of Stonecipher v. Estate of Butts,* 591 S.W.2d 806, 809 (Tex.1979) (cause of action for fraudulent conveyance accrues when judgment creditor discovers fraudulent conveyance, impliedly not when he fails to collect on judgment); *Gaddis v. Smith,* 417 S.W.2d 577, 580 (Tex.1967) (when patient asserts cause of action against doctor for negligently leaving an object in his body, cause of action accrues when the object is discovered, impliedly not when the patient suffers injury from presence of object); *Martinez v. Humble Sand & Gravel, Inc.,* 940 S.W.2d 139, 146–47 (Tex.App.-El Paso 1996, n.w.h.) (cause of action accrues when plaintiff discovers that he has silicosis, not when he discovers occupational injury); *Upjohn Co. v. Freeman,* 885 S.W.2d 538, 544 (Tex.App.-Dallas 1994, writ denied) (cause of action accrues against pharmaceutical manufacturer when pharmaceutical consumer discovers that psychotic condition is caused by the pharmaceutical); *Jampole v. Matthews,* 857 S.W.2d 57, 64 (Tex.App.-Houston [1st Dist.] 1993, writ denied) (when a client brings a cause of action alleging that his attorney charged an excessive fee, cause of action accrues when the client discovers that the fee was wrongful, not when the client discovers the amount of the fee); *Fibreboard Corp.,* 813 S.W.2d at 678–80 (cause of action accrues when plaintiff discovers that he has asbestosis, not when he discovers occupational injury); *Otis v. Scientific Atlanta, Inc.,* 612 S.W.2d 665, 666 (Tex.Civ.App.-Dallas 1981, writ ref'd n.r.e.) (assuming that a cause of action would not accrue if the plaintiffs had not discovered the cause of their injury); *Newberry v. Tarvin,* 594 S.W.2d 204, 207 (Tex.Civ.App.-Corpus Christi 1980, no writ) (when plaintiff states a cause of action against her doctor for negligently inserting and failing to remove an IUD, cause of action accrues when plaintiff discovers that IUD is still in her body and causing pain, not when plaintiff first suffers pain).

The DTPA codifies the understanding that a cause of action accrues when both the injury and its cause have been discovered. A DTPA claim accrues when "the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice." TEX. BUS. & COM.CODE ANN. § 17.565 (Vernon 1987); *Eshleman v. Shield,* 764 S.W.2d 776, 777 (Tex.1989). When determining the meaning of "accrual" in the negligence statute of limitations, we can be guided by the meaning of "accrual" in other statutes, such as the DTPA. TEX. GOV'T CODE ANN. § 311.023(4) (Vernon 1988). The DTPA statute of limitations weighs against the appellee's argument that the appellant's negligence cause of action accrued before the appellant discovered the wrongful act.

The appellee notes that accrual is not delayed until "the alleged wrongdoers are identified." *Russell v. Ingersoll–Rand Co.,* 841 S.W.2d 343, 344 n. 3 (Tex.1992). The appellee therefore argues that accrual should not be delayed just because the appellant had not identified the appellee as a potential tortfeasor when it discovered its injury. Ordinarily, the appellee's argument would be correct. "[A]ll that is required to commence the running of the limitations period is the discovery of an injury and its general cause, not the exact cause in fact and the specific parties responsible." *Bayou Bend Towers Council of Co-Owners v. Manhattan Constr. Co.,* 866 S.W.2d 740, 743 (Tex.App.-Houston [14th Dist.] 1993, writ denied); *Martinez,* 860 S.W.2d at 470. The appellant is not entitled to delay accrual until it discovers every culpable party. However, the appellant is entitled to delay accrual until it discovers a wrongful act that is the general cause of its injury.

At oral argument, the appellee contended that the appellant's petition in the First Interstate case revealed knowledge of the wrongful acts that are the basis of this lawsuit. The petition against First Interstate alleged that First Interstate failed to segregate the assets of the capital reserve fund and failed to maintain the proper level of assets in the fund after 1988. In contrast, the petition in the instant case alleges (1) that the appellee incorrectly advised First Interstate in 1985 about the amount of the capital reserve fund requirement, and (2) that the appellee failed to disclose its incorrect advice to the appellant. The appellee has not proven conclusively that First Interstate's allegedly wrongful act bears any relation to the appellee's allegedly wrongful act. Therefore, the appellee has not proven conclusively that the appellant discovered the appellee's wrongful act before July 13, 1995.

The discovery rule is designed to prevent injustice by delaying accrual "in circumstances where 'it is difficult for the injured party to learn of the negligent act or omission.'" *Computer Assocs. Int'l,* 918 S.W.2d at 456 (quoting *Willis,* 760 S.W.2d at 645). The discovery rule therefore would be feckless if it did not delay accrual until discovery of "the negligent act or omission." This conclusion is not irreconcilable with the "nature of the injury" cases. The "discovery of the possibility of some injury" is not equivalent to the discovery of the nature of an injury. *Baldridge v. Howard,* 708 S.W.2d 62, 65 (Tex.App.-Dallas 1986, writ ref'd n.r.e.); *see Martinez,* 940 S.W.2d at 144. A party does not discover the "nature" of his injury until he discovers its general cause. *Cf. Martinez,* 940 S.W.2d at 147. The appellee has not presented conclusive evidence that before July 14, 1993, the appellant discovered or in the exercise of reasonable diligence should have discovered the wrongful act which allegedly caused its injury. Therefore, the summary judgment is reversed and remanded as to the negligence claim.

## II.

### DTPA Claim

The DTPA claim is subject to a two-year statute of limitations. TEX. BUS. & COM. CODE ANN. § 17.565. A DTPA claim accrues when "the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice." TEX. BUS. & COM.CODE ANN. § 17.565. The appellee has not conclusively proven that the appellant discovered or should have discovered the appellee's allegedly wrongful acts by July 14, 1993. Therefore, the summary judgment is reversed and remanded as to the DTPA claim.

## III.

### Warranty Claim

The express warranty claim is governed by a four-year statute of limitations. TEX. BUS. & COM.CODE ANN. § 2.725 (Vernon 1994); *Cornerstones Mun. Util. Dist. v. Monsanto Co.,* 889 S.W.2d 570, 575 (Tex.App.-Houston [14th Dist.] 1994, writ denied). The appellee tries to recast the express warranty claim as a negligence claim. However, the appellant's petition alleges that the appellee warranted that its work would be of "the highest level of professional performance," that it possessed specialized personnel who had an "astute awareness of the unique accounting and re-

porting matters" within various industries, that it was "specialized" within the area of auditing and accounting for housing finance corporations or authorities, and that its services would include procedures for "determining and disclosing ... whether applicable laws and regulations are complied [with] [and] whether the provisions of the various bond indentures have been complied with." In other words, the appellee warranted that it would be more than nonnegligent.

■■■■ The discovery rule does not apply to most express warranty cases. *Safeway Stores, Inc. v. Certainteed Corp.*, 710 S.W.2d 544, 546 (Tex.1986).

> A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

Tex. Bus. & Com.Code Ann. § 2.725(b). "For an express warranty to meet the [future performance] exception, it must make specific reference to a specific date in the future." *Safeway Stores*, 710 S.W.2d at 548.

■■ Because the alleged warranties do not reference a specific date for future performance, the appellant's breach-of-warranty cause of action accrued in 1985, when the appellee allegedly rendered the inaccurate advice. Therefore, the appellant's warranty claim was barred as of 1989, more than six years before the appellant filed suit.

The summary judgment is affirmed as to the warranty claim and is reversed and remanded on appellant's negligence and DTPA claims.