Affirmed and Opinion filed February 24, 2005









Affirmed and Opinion filed February 24, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-01401-CV

_______________

 

RONALD A. PACE, Appellant

 

V.

 

TRAVELERS LLOYDS OF TEXAS
INSURANCE COMPANY, Appellee

________________________________________________________________

 

On Appeal from the 113th District Court

Harris County, Texas

Trial Court Cause No. 03-00687

________________________________________________________________

 

O P I N I O N

 

In
this homeowners insurance policy coverage case, Ronald Pace appeals a summary
judgment in favor of Travelers Lloyds of Texas Insurance Company (ATravelers@) on the ground that fact issues were
raised as to when the statute of limitations period began to run.  We affirm.

Standard of Review








A
traditional summary judgment may be granted if the motion and summary judgment
evidence show that there is no genuine issue of material fact and the moving
party is entitled to judgment as a matter of law on the issues expressly set
out in the motion or response.  Tex. R. Civ. P. 166a(c).  A defendant moving for summary judgment on
the affirmative defense of limitations must conclusively prove when the cause
of action accrued.  KPMG Peat Marwick
v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999).  In reviewing a summary judgment, we take all
evidence favorable to the nonmovant as true and resolve every doubt, and
indulge every reasonable inference, in the nonmovant=s favor.  Joe v. Two Thirty Nine Joint Venture, 145
S.W.3d 150, 157 (Tex. 2004).

Ambiguous Letters

Travelers=s motion for summary judgment in this
case asserted that: (1) the two-year limitations period applicable to Pace=s claims began to run on April 26,
2000, the date of its letter denying those claims; (2) Pace filed his petition
on January 8, 2003, more than two years after April 26, 2000; and, therefore,
(3) Pace=s claims were barred by
limitations.  It is not disputed in this
case that a two-year limitations period began to run upon the denial of Pace=s claim, but only when that denial
occurred.

The April 26 letter stated, in
part:

 

After careful consideration of all information
available to us, we have determined that the damage to your property is not
afforded coverage under the insurance policy.

 

Our investigation indicates that the damage has
resulted from settlement and/or movement of the structure due to causes which
are not attributable to accidental leakage from the plumbing system.

 

Based on the results of our investigation and the
Exclusions referenced above, we regret that we will be unable to make any
payment for the cost to repair damages that are attributable to foundation
movement.

 

If you have additional information that you feel may
have an impact on this coverage decision or should you have any questions
concerning this claim please forward same to me . . . .

 








(emphasis
added).  Pace=s first and third issues contend that
the last sentence, italicized above: (1) rendered the letter ambiguous as to
whether the coverage decision was final or, alternatively, in an ongoing state
of evaluation; and (2) thereby created a fact issue whether it was a denial of
coverage.

Following
the April 26 letter, Pace hired an engineer who concluded that the foundation
damage had been caused by plumbing leaks, and Pace forwarded a copy of his
report to Travelers.  Travelers replied
to this information in a letter dated September 24, 2001, which stated:

In a continued effort to determine if there is
coverage for the damage being claimed
in the above mentioned loss we requested E. Earl Peebles, P.E., with National
Loss Consultants, [to] inspect and reevaluate the information you submitted and
the original report prepared by [National Loss Consultants].

 

Enclosed for your review is a copy of Mr. Peebles[=s] response to the additional information.  National Loss Consultants findings remain
unchanged.

Based on our review of your claim file[,] we regret
our position remains the same.  We are
unable to issue claim payment for the loss caused by foundation settlement that
is not the result of a leaking plumbing system.

 

If you have any further questions regarding your
claim[,] please do not hesitate to contact me . . . .@

 

(emphasis
added).  Pace=s first and third issues further
contend that the italicized portion of the first sentence of the September 24
letter indicates that Travelers had been continuing to evaluate the claim in
the interim and thereby further raised a fact issue whether a coverage
determination had indeed been made in conjunction with the April 26
letter.  We disagree.








The
April 26 letter plainly stated, Awe have determined that the damage to
your property is not afforded coverage under the insurance policy,@ provided a reason for the decision,
then reiterated that Awe will be unable to make payment . . . .@ 
This unequivocally communicated a decision to deny coverage.[1]  Although the final paragraph of that letter
invited Pace to provide any additional information he felt might have an impact
on the decision, it did not request any further information, suggest
that any further information would be needed, or even useful, to reach a
decision, or otherwise imply that the coverage decision had not been made.

In
addition, it does not necessarily follow that: (1) because a decision has been
made, it cannot be subsequently changed; or (2) because a decision can later be
changed, it has not been made. 
Therefore, neither the fact that the April 26 letter left open the
possibility that new information could potentially cause a different decision
to be reached, nor the fact that the September 24 letter acknowledged that the
new information provided by Pace had been reviewed to determine if a different
decision was warranted, created uncertainty whether a decision had been made in
conjunction with the April 26 letter.

Under
Pace=s interpretation of the letters, an
insurer faced with a request for reconsideration of a denial of coverage would
be put to the choice between refusing it outright, thereby risking a bad faith
claim,[2]
or considering the request and restarting the limitations period.  We can find no authority or rationale to
support such an approach (but only a potential for increasing litigation
needlessly).  Because the April 26 and
September 24 letters neither reasonably indicated that a coverage decision had
not been made by April 26, nor left any ambiguity in that regard, we overrule
Pace=s first and third issues.

Additional Claim

Pace=s second issue contends that a second
claim was created by the additional information he provided after the April 26
letter, such that the September 24 letter, denying that claim, began a new
limitations period.  See Pena v. State
Farm Lloyds, 980 S.W.2d 949 (Tex. App.CCorpus Christi 1998, no pet.).  Although the application of the law to the
facts in Pena is difficult to follow, that opinion expressly applied the
principal that, Aclaims for additional payments may begin the statute of
limitations running anew.@  Id. at
954.  The relevant portion of the opinion
concludes:








Because the slab foundation problems were essentially
on‑going, and its subsequent reinvestigation of and partial payment for
the same reported problems, it appears the denial of the October 1991 claim was
effectively reconsidered and withdrawn by State Farm, thus resetting the
starting date for limitations to March 31, 1994.

 

Id. 
The present case differs factually from Pena in two important
respects: (1) Pena=s summary judgment response did not contend that the information
he provided to Travelers after he received the April 26 letter asserted a claim
for any additional damages, i.e., in addition to any damages he
claimed before the April 26 letter; and (2) to whatever extent the April 26
decision was reconsidered by Travelers based on the additional information,
there is no evidence that that decision was ever expressly or impliedly
withdrawn or changed, such as by making payment or otherwise taking action
inconsistent with that decision.  Without
evidence of either a claim for additional damages or a withdrawing or changing
of the April 26 decision, as in Pena, Pace has provided us no basis to
conclude that the rationale of that case has any application here.  Accordingly, Pace=s second issue is overruled and the
judgment of the trial court is affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Opinion filed February 24, 2005.

Panel consists of
Justices Yates, Edelman, and Guzman.

 

 











[1]           See
Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 222-23
(Tex. 2003) (holding that, to be a denial of a claim, insurer=s letter need not use the word Adeny@ or other magic words if its determination regarding
the claim and the reasons therefor are clearly conveyed in writing to the
insured).





[2]           See,
e.g., Tex. Ins. Code Ann.
art. 21.21, ' 4(10)(a)(ii) (Vernon Supp. 2004-05).