

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00131-CV

Clint Harrison **ELLER**,
Appellant

v.

**DAD P** as next friend of T.P., a Minor,
Appellee

From the 216th Judicial District Court, Kerr County, Texas
Trial Court No. 18-383A
Honorable N. Keith Williams, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:         Patricia O. Alvarez, Justice
                 Luz Elena D. Chapa, Justice
                 Irene Rios, Justice

Delivered and Filed: May 19, 2021

AFFIRMED

Clint Harrison Eller appeals the tort judgment rendered against him following a partial summary judgment on liability and a bench trial on damages. In a single issue, Eller contends the trial court erred in granting the partial summary judgment because the evidence raised a genuine issue of material fact. We affirm the judgment.

## BACKGROUND

Clint Harrison Eller was charged in two indictments with violating section 22.021 of the Texas Penal Code by committing aggravated sexual assault of a child under the age of fourteen.

The alleged victim in each case was T.P., the daughter of appellee, Dad P. In May 2016, Eller entered into a plea bargain with the State. The trial court received Eller's plea in each case, deferred adjudication, and placed Eller on community supervision for a period of ten years. In September 2017, the trial court found Eller had violated multiple conditions of his community supervision, revoked his supervision, and adjudicated him guilty. The court imposed a sentence of eighty years in each case. Both convictions were affirmed on appeal. *See Eller v. State*, No. 04-17-00779-CR, 2019 WL 1548603 (Tex. App.—San Antonio April 10, 2019, pet. ref'd) (mem. op., not designated for publication); *Eller v. State*, No. 04-17-00780-CR, 2019 WL 1547498 (Tex. App.—San Antonio April 10, 2019, pet. ref'd) (mem. op., not designated for publication).

Dad P, acting on behalf of T.P., filed this civil action against Eller, seeking tort damages for assault, aggravated sexual assault, and injury to a child. Dad P filed a traditional motion for partial summary judgment, asserting the record of the criminal cases conclusively established all the liability elements of his causes of action because Eller judicially admitted his guilt by pleading guilty to the offenses and Eller is collaterally estopped from disputing liability in the civil action. Eller, who was in prison, but was represented by counsel, did not file a response to the motion. The trial court granted the partial summary judgment on liability and set the case for a bench trial on damages. After trial, the court rendered judgment for the plaintiff, awarding damages for past and future pain and mental anguish, exemplary damages, and interest. Eller timely filed this appeal in which he contends the trial court erred in granting the partial summary judgment on liability.

## DISCUSSION

In a traditional motion for summary judgment, the movant must establish that there is no genuine issue of material fact and he is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). We review the summary judgment *de novo*. *Provident Life & Accident Ins. v. Knott*, 128

S.W.3d 211, 215 (Tex. 2003). In deciding whether the summary judgment record raises a genuine issue of material fact, "we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Id.*

Eller's sole challenge to the partial summary judgment is that the summary judgment evidence does not conclusively establish he pled guilty to the charged offenses, but instead raises a fact issue as to whether he pled nolo contendere. Eller argues Dad P failed to meet his summary judgment burden because a plea of nolo contendere may not be used as an admission against a defendant in a subsequent civil suit.[1]

The summary judgment evidence relating to Eller's pleas in the criminal cases comes from the indictments and the judgments placing Eller on deferred adjudication community supervision. The indictments in the two cases charged that Eller:

> intentionally or knowingly cause[d] the penetration of the sexual organ of [T.P.], a child then and there younger than fourteen years of age, by inserting his, the said defendant's, finger in said sexual organ,

and

> intentionally or knowingly cause[d] the penetration of the anus of [T.P.], a child then and there younger than fourteen years of age, by inserting his, the said defendant's, sexual organ in said anus.

When the trial court placed Eller on deferred adjudication community supervision, the court completed and signed in each case a document titled "Judgment on Plea of Guilty or Nolo Contendere Before Court With Waiver of Jury Trial - Deferred Adjudication - Community Supervision." Each of those documents begins with a summary of the parties, charge, and disposition, in which various blank spaces have been completed. In the space next to "Plea:", both

---

[1] *See* TEX. CODE CRIM. PROC. Art. 27.02(5) (providing that legal effect of plea of nolo contendere is "the same as that of a plea of guilty, except that such plea may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based").

documents contain the word "Guilty." Each document continues with the trial court's recitations and findings. Those include:

> BE IT REMEMBERED that on May 19, A.D. 2016, . . . the Defendant, CLINT HARRISON ELLER, appeared in person, together with counsel by employment . . . . It appeared to the Court that Defendant . . . made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. The Defendant, in open court, in person after having been duly arraigned, pleaded guilty to the charge in the indictment; thereupon, the said defendant was admonished by the Court of the consequences of said plea, and the said Defendant persisted in pleading guilty; and it plainly appearing to the Court that the Defendant is mentally competent and that the defendant is uninfluenced in making said plea of guilty by any consideration of fear, or by any persuasion or delusive hope of pardon prompting the Defendant to confess the Defendant's guilt, the said plea of guilty is by the Court received and here and now entered upon the Minutes of the Court . . . .
>
> …
>
> It is, therefore, CONSIDERED AND ADJUDGED by the Court that the Defendant, CLINT HARRISON ELLER, has pleaded guilty to the offense of Aggravated Sexual Assault of a Child, as charged in the indictment herein as confessed by the Defendant in the Defendant's plea of guilty herein . . . .

At the end of these documents, following a list of some of the conditions of community supervision and the judge's signature, is an acknowledgement signed by Eller, which states in part:

> I, CLINT HARRISON ELLER, Defendant herein, acknowledge that I have read this Community supervision Judgment prior to the entry of my plea of guilty or no contest in this case. As part of my plea bargain agreement with the State, I agree to comply with all the terms and conditions set out in this judgment.

Eller asserts that, notwithstanding the criminal trial court's recitations and findings regarding his plea of guilty, the title of the documents and the language of Eller's acknowledgements at the end of the documents raise a genuine fact question regarding whether he pled guilty or nolo contendere. He asserts that by viewing the evidence in the proper light and indulging all inferences in his favor, "there is a possibility that a no contest plea was entered." We disagree.

The title of the document in which the court accepted Eller's plea in each case and placed him on community supervision simply reflects the fact the form of judgment is applicable and may be used when a defendant's adjudication is being deferred as a result of either a plea of guilty or a plea of nolo contendere. The title makes no assertion regarding which plea was entered in the case at hand. Similarly, Eller's acknowledgement is not a statement about what plea he entered. Rather, it is an averment that he read the judgment and conditions of supervision contained therein before entering his plea, regardless of whether that plea was guilty or nolo contendere.

Neither the title of the document nor the acknowledgement state that Eller pled nolo contendere. Viewed in isolation, the title and the acknowledgment allow for an inference that Eller pled either guilty or nolo contendere. However, the deferred adjudication judgments affirmatively, unambiguously, and consistently state Eller pled guilty to the charges in the indictments. When viewed in the context of the deferred adjudication judgments as a whole, the evidence does not allow for a reasonable inference that Eller pled nolo contendere.

In reviewing the summary judgment record, we examine all of the evidence; we do not look at pieces of evidence in isolation, and we do not disregard the evidence favorable to the movant. *See City of Keller v. Wilson*, 168 S.W.3d 802, 824-25 (Tex. 2005). Moreover, we indulge only "fair" and reasonable inferences in favor of the non-movant. *See Centeq Realty v. Siegler*, 899 S.W.2d 195, 198 n.2 & 199 (1995). The movant conclusively establishes a matter "if reasonable minds could not differ about the conclusion to be drawn from the facts in the record." *Cmty. Health Sys. Pro. Servs. Corp. v. Hansen*, 525 S.W.3d 671, 681 (Tex. 2017).

In light of the record as a whole, taking as true the evidence favoring Eller, and resolving all doubts and indulging all reasonable inferences in his favor, we conclude that reasonable minds could not differ about the conclusion to be drawn from the facts in the record and that Dad P

conclusively established Eller pled guilty to the offenses charged in the indictments. We therefore overrule Eller's sole point of error and affirm the trial court's judgment.

Luz Elena D. Chapa, Justice