Affirmed and Opinion filed August 8, 2002









Affirmed and Opinion filed August 8, 2002.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-00554-CV

____________

 

S.K. APPAREL MFG., INC.,
Appellant

 

V.

 

THE CITY OF HOUSTON, Appellee

 



 

On
Appeal from the 189th District Court 

Harris  County, Texas

Trial
Court Cause No. 00-29245

 



 

O
P I N I O N

This
is an appeal from the granting of summary judgment.  In two issues, appellant claims the trial
court erred in (1) granting summary judgment and (2) reciting that the judgment
was based on all exhibits submitted by appellant.  We affirm. 


Background
and Procedural History 








In
1998, the City of Houston (ACity@) issued two bid invitation requests for sealed bids to provide
(1) shirts and/or pants under a Fire Fighters Uniform Contract for the Houston
Fire Department and (2) shirts under a Special Purpose Clothing Contract for
Various Departments.  Both bid requests
stated:

[T]he
City may accept this bid offer by issuance of a Notice of Award Letter and/or
Purchase Order covering award of said bid to this Bidder at any time on or
before the 120th day following the day this Official Bid Form is opened by the
City.  This offer shall be irrevocable
for 120 days after bid opening or for 90 days after City Council awards the
bid, whichever comes last, but this period may be extended by written agreement
of the parties. 

 

On
January 15, 1999, the City issued a Notification of Award letter to S.K.
Apparel (AApparel@), accepting a portion of Apparel=s bid for pants under the Fire Fighters Uniform Contract in the
total amount of $358,587.50 (First Contract). 
On July 21, 1999, the City issued a notification letter to Apparel
accepting Apparel=s bid for shirts under the Special Purpose Clothing Contract in
the total amount of $121,863.13 (Second Contract).  In both contracts, the Term of Agreement
provision stated:

It
is emphasized that the City of Houston does not guarantee to purchase any
specific quantity of any item listed during the period of this agreement;
rather, the quantities may vary depending upon the actual needs of the user
Departments.  

 

The
City issued three purchase orders under the First Contract.[1]  Apparel delivered a portion of the pants
under the First Contract, which the City rejected on the basis that they were Apoor
quality goods.@  The City gave notice to
Apparel that it considered its actions to be in breach of contract and
announced its intent to hold an administrative hearing to allow Apparel to Apresent
evidence that would affect the decision to disqualify it from participating in
City business.@  








Apparel
responded with a suit against the City, alleging breach of both contracts,
fraud, and intentional infliction of emotional distress and seeking damages in
excess of one million dollars along with attorney=s fees.  The City
specially excepted to all claims.  The
trial court sustained the City=s special exceptions as to all but the breach of contract
claims and ordered Apparel to amend its petition accordingly.  Apparel amended its petition, limiting its
claim to breach of the two contracts. 
Thereafter, the City filed a traditional motion for summary judgment,
which the trial court heard January 8, 2001. 
By request of both parties the trial court took the motion under
advisement, giving both parties until January 24, 2001, to submit additional
evidence.  The trial court granted the
City=s
motion April 4, 2001, and this appeal followed. 

Summary
Judgment

Apparel
claims the trial court erred in granting the City=s motion for summary judgment. 
The standard of review for a traditional motion for summary judgment Ais
whether the successful movant at the trial level
carried its burden of showing that there is no genuine issue of material fact
and that judgment should be granted as a matter of law.@  KPMG Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999).  This court must take as true all evidence
favorable to the nonmovant and must make all
reasonable inferences in the nonmovant=s
favor.  See id.  When a trial court=s
order granting summary judgment does not specify the ground or grounds relied
on for its ruling summary judgment will be affirmed if any of the theories
advanced are meritorious.  See Carr v.
Brasher, 776 S.W.2d 567, 569 (Tex. 1989). 

Breach of Contract










Apparel
claims material fact issues exist on its breach of contract claims against the
City.  To prevail on a breach of contract
claim, Apparel must prove (1) the existence of a valid contract; (2) Apparel=s
performance under the contract; (3) breach of the contract by the City; and (4)
damages.  See Scott v. Sebree, 986 S.W.2d 364, 372 (Tex. App.CAustin  1999, pet. denied).  The parties do not dispute the existence of
valid contracts.  

The
First Contract

Apparel
claims the City breached the First Contract by denying Apparel access to
conduct on-site measurements of the Fire Department=s
employees pursuant to the terms of the contract.  The first bid request included a document
titled ASpecifications
for Fire Fighter Uniform Contract@ (ASpecifications@), which states the successful bidders Awill
have the option of sizing all [Houston Fire Department] members at their
Houston store location and/or at the Fire Department Quadrant houses.@  The City claims no breach occurred because
the parties modified this provision.  

A
modification of a contract is some change in an original agreement that
introduces a new or different element into the details of the contract, but
leaves its general purpose and effect undisturbed.  Ensearch
Corp. v. Rebich, 925 S.W.2d 75, 83 (Tex. App.CTyler
1996, writ dism=d by agr.).  To prove a modification, the City must show
that Apparel (1) had notice of the change and (2) accepted the change.  Price Pfister,
Inc. v. Moore & Kimmey, Inc., 48 S.W.3d 341,
349-50 (Tex. App.CHouston [14th Dist.] 2001, pet. denied ).  The summary judgment record shows that on
January 29, 1999, Apparel=s president wrote to Herbert Hunter, Product Evaluator for the
City=s
fire department, proposing alternatives to on-site measurements, including a
suggestion that the City supply Aforms to be filled out by each employee with name, employee
number, waist size, [and] inseam measurement.@  On March 27, Apparel
received these measurements from the City without objection, responding only
with a request for clarification on thirteen individuals. 








We
conclude the City showed as a matter of law that Apparel had notice of a change
to the method of obtaining measurements and accepted this change.  Accordingly, we find the parties modified the
contract and the City did not breach the contract by supplying the measurements
at Apparel=s request.

Apparel
also asserts the City breached the First Contract by failing to give Apparel
ninety days to deliver its merchandise to the City.  The Specifications state that Apparel=s
delivery of the merchandise must be completed Awithin ninety (90) working days after receipt of City of
Houston purchase order(s).@  The City=s
first purchase order, requesting 11,512 pairs of pants, was provided to Apparel
on March 4, 1999.  It is undisputed that
Apparel did not deliver any merchandise within ninety working days of March
4.  The City ultimately gave Apparel a
July 30, 1999 deadline to fill the first purchase order.[2]  On July 27, Apparel delivered 4,970 pairs of
pants to the City, less than half of the ordered allotment.  The City rejected the entire shipment because
the merchandise did not match the quality of the sample submitted with Apparel=s
bid and because the pants were not packaged in accordance with the
Specifications.  When Apparel informed
the City that it could not correct the deficiencies and complete delivery until
the second week in November, the City advised Apparel that it was considering
Apparel to be in breach of contract.  








Apparel
contends summary judgment was inappropriate because a fact issue exists as to
whether the March 4 purchase order provided sufficient information for Apparel
to proceed with its performance. 
Specifically, Apparel claims it could not move forward on the contract
until May 20, 1999, when it received merchandise samples from the City.  However, nothing in the First Contract
requires the City to provide samples as a pre-condition of a valid purchase
order.  Further, despite being given
additional time to complete delivery of the first purchase order, Apparel=s
delivery was incomplete and did not conform with its bid or the
Specifications.  We reject Apparel=s
argument that the City breached the contract by failing to provide Apparel
ninety days to deliver the merchandise.  

The
Second Contract 

Apparel
also claims the City breached the Second Contract by rescinding it following
Apparel=s
breach of the First Contract.  However,
the summary judgment evidence conclusively shows that the City never rescinded
the Second Contract.  Any action by the
City to cancel or rescind a contract must be done by City Council, in an open
meeting, acting by resolution or ordinance. See Central Power & Light
Co. v. City of San Juan, 962 S.W.2d 602, 612‑13 (Tex. App.CCorpus Christi 1998, pet. dism=d).  The City submitted an affidavit from the City
Secretary, Anna Russell, stating that the City=s records contain no resolution or ordinance rescinding the
Second Contract.  While it is true that
the City has never issued a purchase order under the Second Contract, it had no
obligation to do so.  Both the First and
Second Contracts are Arequirements contracts,@ which do not establish an amount that the City must purchase
from Apparel, but merely prohibit the City from purchasing from other
sellers.  See Merritt‑Campbell,
Inc. v. RxP Products, Inc., 164 F.3d 957, 963
(5th Cir. 1999); see also Tex.
Bus. & Com. Code Ann. ' 2.306 (Vernon 1994).  

The
trial court did not err in granting summary judgment on Apparel=s
breach of contract claims.  Apparel=s
first issue is overruled. 

Summary
Judgment Evidence








Apparel=s
second issue states A[t]he Trial Court erred in ruling that the Summary Judgment was
based on all of [Apparel=s] exhibits attached to her response to [the City=s]
Summary Judgment.@  The substance of
Apparel=s
argument is that the trial court erred if it sustained the City=s
objections and refused to consider Apparel=s summary judgment evidence. 
Apparel contends it is not clear from the trial court=s
order whether the court was excluding Apparel=s exhibits based on the City=s objections.  To the
contrary, the court=s order plainly states: 

Although
the Court agrees with the City=s
objections, the Court based its ruling on this Summary Judgment on all the
exhibits attached to [Apparel=s]
Response.  For the purposes of this
Judgment, and in ruling on the City=s
Motion for Summary Judgment, the Court fully considered [Apparel=s]
Response and supporting exhibits.

 

In other
words, notwithstanding the validity of the City=s objections, the trial court considered all Apparel=s
exhibits before granting summary judgment to the City.  Because Apparel=s second issue presupposes the court did not consider this
evidence, it is moot.

The
trial court=s judgment is affirmed.

 

 

/s/        Leslie
Brock Yates

Justice

 

 

Judgment rendered and Opinion filed August
8, 2002.

Panel consists of Justices Yates, Seymore, and Guzman.

Do Not Publish C
Tex. R. App. P. 47.3(b).

 

 













[1]  No evidence
exists that the City ever issued any purchase orders under the Second Contract.






[2]  The City
concedes that it extended the triggering date for the ninety-day requirement
beyond the March 4 purchase order to March 27, 1999, the date Apparel received
the fire department employees= measurements.