Affirmed in Part, Reversed & Remanded in Part, and Memorandum
Opinion filed October 14, 2008








Affirmed in
Part, Reversed & Remanded in Part, and Memorandum Opinion filed October 14, 2008.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00170-CV

____________

 

ALLIED MORTGAGE CAPITAL CORPORATION
AND JASON CLINT PRICE, Appellants

 

V.

 

ADVANTAGE INVESTORS MORTGAGE
CORPORATION AND 

ACCESS LENDING CORPORATION, Appellees

 



 

On Appeal from the 127th
District Court

Harris County, Texas

Trial Court Cause No. 2003-51100

 



 

M E M O R A N D U M   O P I N I O N








Appellants Allied Mortgage Capital Corporation and Jason
Clint Price, defendants in the trial court, appeal both the trial court=s summary judgment
against them on the claims of appellees Advantage Investors Mortgage
Corporation and real party in interest Access Lending Corporation (collectively
AAdvantage@) and the trial
court=s award of
attorney=s fees to
Advantage.  We affirm the summary judgment but reverse and remand for a new
trial on attorney=s fees because the trial reporter=s record has been
lost.

                                                  BAckground

Advantage, a nationwide residential mortgage lender and
broker, hired Price as its Houston branch manager in December 2001.  Price
executed an employment agreement, which contained a provision allowing Price,
upon giving proper notice to Advantage, to terminate his employment immediately
for cause or with forty-five days= notice without
cause.

In January 2003, Price was unhappy with certain policy
changes Advantage implemented, and he began searching for a new employer.  On
January 30, 2003, one of Price=s co-workers sent Advantage an email stating
that he, Price, and several other employees were resigning from Advantage Aeffective
immediately@ but not providing any reason for their resignations. 
Dawn Pemberton, an Advantage vice president, emailed Price and reminded him
that his employment agreement required forty-five days= notice of
termination and thus his effective termination date would be March 15, 2003. 
Pemberton also left Price a phone message and sent another email, again
reiterating the March 15 termination date, but Price did not respond until
March 14, 2003 with an email to Pemberton.  In this email, Price stated he was Aclarify[ing]@ that he had
terminated his employment with Advantage for cause because he believed
Advantage breached the employment agreement when it implemented its policy
changes.  Meanwhile, Price signed an employment agreement with Allied on
January 31, 2003 and began collecting fees on loans and sharing the profits
with Allied instead of Advantage.








Advantage sued Price and Allied for breach of contract,
conversion, money had and received, and ratification, among other claims. 
Advantage moved for partial summary judgment on these claims, arguing that
since Price=s termination notice was not a notice of for cause
termination, he remained an employee for the next forty-five days, until March
15, and therefore all proceeds for loans originated during this time frame
belonged to Advantage.  The trial court agreed and granted summary judgment. 
The parties then had a jury trial on the issues of damages and attorney=s fees.  The trial
court awarded Advantage damages and trial attorney=s fees in
accordance with the jury=s findings and awarded Advantage appellate
attorney=s fees, even
though the jury had answered Azero@ regarding
appellate attorney=s fees.  In four issues, Allied and Price
challenge the trial court=s summary judgment ruling and attorney=s fees award.

                                          Notice of Termination

Advantage moved for summary judgment under Texas Rule of
Civil Procedure 166a(c).  The standard of review for a traditional motion for
summary judgment is whether the successful movant at the trial level carried
its burden of showing that there is no genuine issue of material fact and that
judgment should be granted as a matter of law.  KPMG Peat Marwick v.
Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999).  A
plaintiff who moves for summary judgment must prove it is entitled to judgment
as a matter of law on each element of the cause of action.  Fry v. Comm=n for Lawyer
Discipline, 979 S.W.2d 331, 334 (Tex. App.CHouston [14th
Dist.] 1998, pet. denied).  Under this traditional standard, this court must take
as true all evidence favorable to the nonmovant and must make all reasonable
inferences in the nonmovant=s favor.  See Sci. Spectrum, Inc. v.
Martinez, 941 S.W.2d 910, 911 (Tex. 1997).

The section of Price=s employment
agreement governing terminations by the employee provides as follows:








Manager shall have the right to terminate this Agreement with or
without cause.  Any termination without cause shall be effective forty-five
(45) days following the delivery by Manager to Advantage of written notice that
Manager intends to so terminate this Agreement.  Any termination for cause
shall be effective upon the delivery by Manager to Advantage of written notice
that Manager intends to so terminate this Agreement.

The
termination notice provided by Price states, AThis letter is to
serve as formal notification that effective immediately, the following people
resign from employment with [Advantage].@  We must decide
whether this notice is sufficient to invoke a for cause termination of the
employment agreement.  The trial court determined that it did not qualify as a
for cause termination notice, and this was the basis of the trial court=s summary judgment
on all of Advantage=s claims, which were premised on Price
still being an Advantage employee until March 15.

In their first issue, Price and Allied contend that the
trial court erred in reaching this conclusion.  We disagree.  The agreement
clearly distinguishes between the two types of terminations and provides that
Price must give Advantage notice of intent to Aso terminate.@  This language
plainly requires Price to specifically notify Advantage if he intended to
terminate for cause, which he did not.  See Valence Operating Co. v.
Dorsett, 164 S.W.3d 656, 662 (Tex. 2005) (stating that A[c]ontract terms
are given their plain, ordinary, and generally accepted meanings@).  Nothing in
Price=s notice indicates
that he was terminating the contract for cause.  Price and Allied argue that
because Price stated that he was resigning Aeffectively
immediately@ and only for cause terminations are immediately
effective, his notice was of a for cause termination.  However, the effective
date of the termination is not a type of termination but merely a consequence
of the type of termination invoked.  The plain language of the contract
requires a notice of intent to Aso terminate@ either for cause
or without cause, not whether the employee considers the termination to be
effective immediately.

Because Price failed to notify Advantage that his
termination was for cause, his notice constituted a without cause termination,
and we conclude the trial court did not err in granting summary judgment on
this basis.  We overrule Price and Allied=s first issue.








In their second and third issues, Price and Allied argue
that Price had a valid basis for terminating his employment for cause based on
his good faith belief that Advantage had breached its duties to him.  However,
given our conclusion that Price=s termination notice was not for cause,
whether he had a proper basis for terminating for cause is irrelevant.  Price
and Allied further contend that Price=s employment
agreement conflicts with another agreement, the branch operating agreement,
regarding Advantage=s duties under the contract, making
summary judgment improper.  Again, this also goes to the issue of the propriety
of a for cause termination, and since Price=s notice was not
for cause, we need not address this issue.  Finally, Price and Allied argue
that these two agreements conflict regarding certain termination procedures. 
Both, however, contain identical language requiring that a for cause
termination notice must give notice of Price=s intent to Aso terminate.@  We have already
determined that Price=s notice did not do this.  For these
reasons, we overrule Price and Allied=s second and third
issues.

                                               Attorney=s Fees








In their fourth issue, Price and Allied challenge the trial
court=s award of
attorney=s fees to
Advantage.  They argue that the trial court erred in not allowing
cross-examination on the issue of whether the attorney=s fees Advantage
incurred were properly segregated between Price, against whom they contend
attorney=s fees were
recoverable, and Allied, whom they claim cannot be responsible for attorney=s fees.  Price and
Allied also contend the trial court erred in ignoring the jury=s contrary finding
and awarding appellate attorney=s fees.  The reporter=s record of the
entire trial was lost, and the parties agree that Price and Allied are thus
entitled to a new trial.  See Tex.
R. App. P. 34.6(f).  Allied and Price assert that the new trial should
cover all trial issues, not just attorney=s fees.  They
argue that because their attorney=s fees issues
involve segregation of fees and duplication of efforts and thus Arequire an
understanding of the claims presented by Advantage and how they related@ to Allied and
Price, Athe trier of fact
should not be required to determine the issue of attorneys= fees on a
skeletal record.@  On remand, Allied and Price can seek to
offer whatever evidence they think is necessary to prove their defenses to
Advantage=s attorney=s fees claim, but
they are not entitled to a new trial on all issues just to defend against
attorney=s fees,
particularly when they have raised no appellate issue involving any other
aspect of the trial.

We affirm the trial court=s judgment in all
respects except as to attorney=s fees.  We reverse the trial court=s award of
attorney=s fees and remand
for a new trial solely on the issue of attorney=s fees.

 

 

 

 

/s/      Leslie B. Yates

Justice

 

 

Judgment rendered
and Memorandum Opinion filed October 14, 2008.

Panel consists of
Justices Yates, Anderson, and Brown.