NO. 07-07-0077-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 29, 2009

_____

DELMER URBANCZYK, APPELLANT

v.

MARVIN URBANCZYK AND JANET URBANCZYK, APPELLEES

_____

FROM THE 100TH DISTRICT COURT OF CARSON COUNTY;

NO. 9854; HON. DAVID M. McCOY, PRESIDING

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

MEMORANDUM OPINION

Appellant Delmer Urbanczyk sued his brother Marvin Urbanczyk and sister-in-law Janet Urbanczyk, and two brokerage firms, Edward D. Jones & Co., L.P., and A.G. Edwards & Sons, Inc., for various torts and declaratory relief arising from the handling of an account jointly owned by Delmer, his mother Isabel Urbanczyk, and his brother Arnold Urbanczyk.[1]

_____

[1] Because the parties bear common surnames, we will refer to all members of the Urbanczyk family by given name only.

The claims against Edward Jones and A.G. Edwards were referred to arbitration and later severed from this case. The trial court granted Marvin and Janet a summary judgment on the ground that all of Delmer's causes of action were barred by limitations. Asserting the discovery rule and fraudulent concealment preserved his claims, Delmer appeals. Finding the discovery rule and fraudulent concealment inapplicable, we affirm.

Background

When a summary judgment is based on the pleadings, we assume the truth of all factual allegations in the non-movant's pleading. *Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 699 (Tex. 1994). We therefore summarize the salient facts alleged by Delmer.

In 1989, an account was established with Edward Jones in the name of Delmer, Isabel and Arnold as "joint tenants in common with right of survivorship." In part, the joint account was created for the care of Arnold, should a need arise. A portion of the funds in the joint account were contributed by Delmer. The mailing address on the joint account was a post office box belonging to Isabel. In 2000, Isabel suffered a stroke. A temporary guardian was appointed and she moved to a nursing home. Delmer does not believe his mother regained "full capacity."

In February and March 2001, assets of the joint account were transferred into an account owned exclusively by Isabel. Delmer's pleadings and summary judgment evidence are to the effect that signatures of Delmer, Isabel and Arnold authorizing the transfers were forged, and that Marvin and Janet orchestrated the transfers, without Delmer's consent or knowledge. During 2002, Isabel granted Marvin and Janet a statutory durable power of

attorney.  Also, in November 2002, Arnold died.  The funds originating in the joint account were subsequently moved to A.G. Edwards and ultimately placed in accounts owned by Isabel, Marvin and Janet.

At a May 2004 meeting with Edward Jones, Delmer learned of the transfer of the funds to A.G. Edwards and that he was no longer named on the account.  In August 2004, Delmer discovered forged signatures were used to transfer funds from the joint account. Isabel died in April 2006.

Delmer filed the present suit in May 2006 seeking damages against Marvin and Janet for conversion and tortious interference with inheritance rights.  He also sought declaratory and injunctive relief.  Marvin and Janet answered by general denial and affirmatively plead the applicable statute of limitations barred all of Delmer's claims.  Delmer amended his petition adding causes of action against Marvin and Janet for breach of fiduciary duty, fraud, and unjust enrichment and interposed the discovery rule and fraudulent concealment in response to their limitations defense.  Marvin and Janet filed a traditional motion for summary judgment on Delmer's live petition contending that from the face of the document all claims alleged were barred by limitations and the discovery rule lacked application because as a matter of law Delmer's claims were not inherently undiscoverable.  Delmer filed a response with supporting evidence, arguing the discovery rule and fraudulent concealment in avoidance of the limitations claim.  The trial court granted the motion of Marvin and Janet and severed Delmer's claims against the brokerage firms.  The court denied Delmer's motion for new trial and this appeal followed.

Issue

Delmer presents the following single issue:

Whether Defendants negated as a matter of law both Plaintiff's assertions of the discovery rule and of fraudulent concealment in order to establish Defendants' defense of limitations in order to justify summary judgment in their favor as entered by the Trial Court.

We review the granting of a traditional summary judgment motion *de novo*, applying familiar standards:

A.   The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

B.   In determining whether there is a disputed issue of material fact precluding summary judgment, evidence favorable to the non-movant will be taken as true.

C.   Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

A defendant moving for summary judgment on the affirmative defense of limitations must conclusively establish the defense. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). Accordingly, it is for the defendant (1) to conclusively prove when the cause of action accrued, and (2) negate the discovery rule, if pleaded and applicable, by proving as a matter of law there is no genuine issue of material fact about when the plaintiff discovered, or in the exercise of reasonable diligence

4

should have discovered, the nature of his injury.  *Id.*  If the movant establishes the statute of limitations bars the action, the non-movant must then adduce summary judgment proof raising a fact issue.  *Id.*  Here the parties agree that Delmer's claims are subject to two- or four-year limitations periods.  Their disagreement lies with the applicability of the discovery rule and fraudulent concealment.

Discovery Rule

Unlike the tolling feature of fraudulent concealment, the discovery rule defers accrual of a cause of action until the plaintiff knows, or through the exercise of reasonable diligence, should know of facts giving rise to the cause of action.  *Computer Assoc. Int'l, Inc. v. Altai, Inc.,* 918 S.W.2d 453, 455 (Tex. 1996).  The discovery rule is "a very limited exception to statutes of limitations," and applies only when the plaintiff's injury is both (1) inherently undiscoverable, and (2) objectively verifiable.  *Id.* at 455-56.  An injury is inherently undiscoverable if, by its nature, it is unlikely to be discovered during the applicable limitation period despite the exercise of due diligence.  *S.V. v. R.V.,* 933 S.W.2d 1, 7 (Tex. 1996) (*citing Altai,* 918 S.W.2d at 456).  The question is not whether the particular injury was actually discovered by the claimant within the limitation period, but whether "it was the type of injury that is generally discoverable by the exercise of reasonable diligence."  *HECI Exploration Co. v. Neel,* 982 S.W.2d 881, 886 (Tex. 1998); *see Conoco, Inc. v. Amarillo Nat'l Bank,* 14 S.W.3d 325, 328 (Tex. App.–Amarillo 2000, no pet.) (finding rule inapplicable in case alleging conversion of collateral).  In other words, whether the discovery rule applies is determined "categorically."  *HECI Exploration*, 982 S.W.2d at 886.

5

The type of injury Delmer's suit against Marvin and Janet alleges is their unauthorized transfer of assets from a brokerage account of which Delmer was joint owner. We see nothing about such an injury to make it inherently undiscoverable. Even where, as here, the injured account co-owner does not receive account statements, the fact that assets have been transferred from the account without his authorization is readily discoverable. A simple request to review an account statement, addressed to the co-owner who receives the statements or to the brokerage firm itself, should bring the unauthorized transfer to light. The discovery rule is reserved for the types of injuries not ordinarily discoverable, even though due diligence has been used. *Altai*, 918 S.W.2d at 456.

Delmer points to the specifics of this particular brokerage account, noting only his mother's address was listed on the account and it required the signatures of all three account holders to effect a transfer of assets from the account. But Delmer's argument ignores the requirement that discovery-rule analysis focus on the type of injury. *See, e.g., HECI Exploration*, 982 S.W.2d at 886 (discussing *Altai*, 918 S.W.2d at 457, noting that trade secret misappropriation "generally" is capable of detection within the time allotted for bringing suit, although the particular injury may not have been discovered). The discovery rule does not excuse a party from exercising reasonable diligence in protecting its own interests. *Pitman v. Lightfoot,* 937 S.W.2d 496, 510 (Tex.App.–San Antonio 1992, no writ). We find the injury Delmer alleges was not inherently undiscoverable, and the discovery rule has no application.

Fraudulent Concealment

A defendant who by conduct or legal relationship is under a duty of disclosure and who fraudulently conceals the existence of a cause of action from the party to whom he owes the duty, is estopped from relying on the defense of the statute of limitations until the other party learns of the cause of action or should have learned of its existence through the exercise of reasonable diligence. *Borderlon v. Peck,* 661 S.W.2d 907, 908 (Tex. 1983). "The elements of fraudulent concealment are: (1) the existence of the underlying tort; (2) the defendant's knowledge of the tort; (3) the defendant's use of deception to conceal the tort; and (4) the plaintiff's reasonable reliance on the deception." *Mitchell Energy Corp. v. Bartlett,* 958 S.W.2d 430, 439 (Tex.App.–Fort Worth 1997, pet. denied); *see HECI Exploration,* 982 S.W.2d at 886. The defendant's deception occurs through "active suppression of the truth or failure to disclose when the defendant is under a duty to disclose." *Bartlett,* 958 S.W.2d at 439. A plaintiff relying on fraudulent concealment must have reasonably relied on the defendant's active misrepresentations or, if applicable, its silence. *Bartlett,* 958 S.W.2d at 439. However, reliance becomes unreasonable, and the tolling period ends, once the plaintiff knows or should know of the concealment. *Id.* If the movant of a traditional motion for summary judgment on the statute of limitations conclusively proves entitlement to this affirmative defense, the non-movant, alleging fraudulent concealment, must present competent summary judgment evidence establishing an issue of fact on each element of fraudulent concealment. *See KPMG Peat Marwick,* 988 S.W.2d at 749.

Delmer argues that the artifice Marvin and Janet employed to conceal the conversion of the joint account proceeds was delivery to Edward Jones of documents bearing the forged signatures of Delmer, Isabel and Arnold. But that argument simply describes the underlying tort of conversion. It does not describe active misrepresentations to conceal the tort, nor Delmer's reasonable reliance on the representations. The presentation of forged signatures was the means of the underlying conversion, not the means of its concealment.

In a variation on the same argument, Delmer attempts to raise a fact issue on the misrepresentation and reliance elements by contending that Marvin and Janet effectively deceived him through their deception of Edward Jones, so that it allowed transfer of funds from the joint account without Delmer's authorization. Further, he asserts, neither Edward Jones nor Marvin and Janet disclosed the wrongful transaction to Delmer. Delmer says he relied on the silence of Edward Jones, and that of Marvin and Janet, to his injury.

We find there is no evidence that Edward Jones stood in Delmer's shoes vis-a-vis any fraudulent representations perpetrated by Marvin and Janet and concerning the joint account. *Cf. Sterling Trust Co. v. Adderley,* 168 S.W.3d 835, 847 (Tex. 2005). Further, we see no evidence in the summary judgment record of conduct by or a legal relationship in Marvin and Janet creating a duty in them to disclose to Delmer the February and March 2001 transfers of funds from the joint account. *See Hoggett v. Brown,* 971 S.W.2d 472, 487 (Tex. App.–Houston [14th Dist.] 1997, pet. denied) (listing situations giving rise to duty to disclose); *Ralston Purina Co. v. McKendrick,* 850 S.W.2d 629, 633 (Tex.App.–San Antonio 1993, writ denied) (existence of duty to disclose information is a question of law).

8

Finally, as we have noted, the facts which Delmer alleges were fraudulently concealed from him were readily discoverable through the exercise of reasonable diligence. We conclude there is no summary judgment evidence raising an issue of fact on fraudulent concealment. Accordingly, we overrule Delmer's appellate issue.

In a motion we have carried with the case, Marvin and Janet seek our imposition of an unspecified sanction on Delmer. The motion is denied.

Having overruled Delmer's appellate issue, we affirm the judgment of the trial court.


James T. Campbell
Justice