# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 12, 2022

Lyle W. Cayce
Clerk

No. 21-20663
Summary Calendar

Kenneth W. Dougherty, Jr.,

*Plaintiff—Appellant*,

*versus*

Steve Hart Restoration & Race Preparation, Limited,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-1924

Before Davis, Smith, and Dennis, *Circuit Judges*.

Per Curiam:[*]

In this diversity action, Plaintiff-Appellant, Kenneth W. Dougherty, Jr., alleges that he hired Defendant-Appellee, Steve Hart Restoration & Race Preparation, Limited ("Hart"), to restore to original condition a 1959 Maserati Tipo 61/60 Birdcage race car ("Birdcage"). Dougherty asserts that

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20663

Hart instead produced a replica, a much less valuable version of the Birdcage vehicle.  Hart, on the other hand, responds that he was hired to rebuild or replicate the Birdcage from the parts that Dougherty provided and that was precisely what he did.

After Hart announced publicly that the Birdcage he assembled was not qualified to be considered a restored vehicle, Dougherty sued Hart for business disparagement, fraud, and violations of the Texas Deceptive Trade Practices Act ("TDTPA").  The district court first dismissed the business disparagement claim, and defendant later filed a motion for summary judgment seeking dismissal of the fraud and TDTPA claims as time barred under relevant Texas statutes of limitation.  The district court granted the motion and dismissed the case.  We AFFIRM.

## I.

Dougherty owns a Texas company that buys, restores, and sells classic cars.  Hart is a business located in Norfolk, England, UK, that specializes in restoring sports racing cars.  The business is owned by Steve Hart.

In 2006, Dougherty purchased the parts from the wrecked Birdcage.  For an estimated cost of $100,000, Hart agreed to assemble the racecar from the parts Dougherty had purchased.  Dougherty asserted that he intended to put the original vehicle identification number on the chassis and that he planned to sell the vehicle after the work was complete.  Hart completed the assembly of the Birdcage in 2010 and shipped the vehicle to Dougherty in Texas.  Dougherty agreed that he inspected the Birdcage when it arrived and that he was happy with it.

In the classic car industry, to restore a car means that the car has been returned to original condition.  To replicate a car means that the car may not have all original parts and cannot be certified as a restored version of the original vehicle.  Restored cars have a much higher market value (sometimes

as much as ten times higher) than a replica car. Hart denies that Dougherty hired him to restore the vehicle to the original condition and asserts that he agreed to rebuild or replicate the Birdcage from the portions of the wreckage Dougherty provided.

In the summer of 2011, Dougherty brought the Birdcage to an auction in California. He thereafter discovered that Hart had posted the following on the internet:

> We were given a chassis, an engine, a few bits of gearbox case & asked to make a car from it, which we did. When we first began working to make the remaining parts and assembling it, we were not told about it was to be 'given' a chassis number. It was only towards the end that we were asked to put a number on it. As far as I'm concerned, I do not believe the car to have any 'claim' to the original number of 2459. Whenever anyone who has contacted me about it, I have always told them this. The chassis has 'REPLICA' stamped into it, not by us, but from whoever the chassis came from/builder. I have not informed anyone of this before. I do, however, wish to remain completely honest about this & I am happy to answer any questions that someone may have. I do not have a problem with 'new' cars, providing everyone knows what they're getting into & where they stand. I am sorry [t]hat this has created such a fuss.

Dougherty forwarded this statement to Hart and strongly registered his disagreement with the statement and urged Hart to post a more correct description of the vehicle. Hart did not back off from his earlier statement but did agree that he would not disparage the car and would describe Hart's work on the car as "the process of the restoration."

Dougherty tried to market the Birdcage again in 2016 and directed a third party to pose as a buyer and ask Hart about the designation of the Birdcage. Dougherty asserts that Hart told the buyer that the vehicle he had

No. 21-20663

assembled for Dougherty was not the original chassis number 2459 Birdcage as Dougherty claimed and was a replica -- not a restored vehicle. This lawsuit followed in December 2017.

## II.

Very early in the litigation, the district court dismissed Dougherty's business disparagement claim and that ruling is not challenged in this appeal. Hart then filed a motion for summary judgment seeking dismissal of the fraud and TDTPA claims on ground that these actions were not timely filed within the time permitted by relevant Texas statutes of limitations. The timeliness issue in the district court narrowed to a question of when the time clock began to run.

Dougherty contended that it began to run in 2016 when Hart made an unequivocal statement that the Birdcage he produced was a replica and not a restored vehicle. Hart contended that the clock began to run at the latest in 2011 when Dougherty read Hart's internet posting in which Hart made it clear that the Birdcage he produced was not entitled to exhibit the original chassis number. Dougherty strongly protested this statement because he knew prospective buyers would understand that this meant Hart did not consider the Birdcage a restored vehicle.

The district court parsed the summary judgment evidence and concluded that Hart was correct and the clock began to run in 2011. The court concluded that from Hart's 2011 posting, Dougherty knew or should have known of Hart's alleged misrepresentation that the vehicle he assembled did not qualify to display the original chassis number of the Birdcage, signaling to prospective buyers that the Birdcage should not sell for the enhanced value of a restored vehicle.

No. 21-20663

## III.

"We review a summary judgment *de novo*, applying the same standard as the district court."[1] Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] Under Texas law, a claim for fraud is subject to a four-year statute of limitations.[3] The claim accrues when "the plaintiff knew or in the exercise of reasonable diligence should have known of the wrongful act and resulting injury."[4] A claim under the TDTPA is subject to a two-year statute of limitations, and "[t]he claim accrues when 'the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading or deceptive act or practice.'"[5]

We have carefully reviewed the summary judgment evidence and agree with the district court's evaluation of that evidence that in 2011, Dougherty knew or should have known the basis of his fraud and TDTPA claims. As the district court succinctly summarized:

> Dougherty expressed his concern that Hart's description could 'completely destroy the value' of the car. Dougherty told Hart in August 2011 that he 'totally disagree[d]' with Hart's description of the car. Dougherty knew or should have known of the basis of his fraud and Deceptive Trade Practices Act

[1] *United States ex rel. Jamison v. McKesson Corp.*, 649 F.3d 322, 326 (5th Cir. 2011).

[2] Fed. R. Civ. P. 56(a).

[3] Tex. Civ. Prac. & Rem. Code §16.004(a).

[4] *See S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996).

[5] *KPMG Peat Marwick v. Harrison County Housing Finance Corp.*, 988 S.W.2d 746, 749 (Tex. 1999) (citing Tex. Bus. & Com. Code §17.565).

No. 21-20663

claims in 2011, when he confronted Hart about his posted statements describing the Birdcage."

Given the facts Dougherty learned from the 2011 posting, he was not entitled to wait for a more explicit statement to be on notice of his claim – that Hart's description of the Birdcage reduced its value. With this knowledge, Dougherty was required to exercise due diligence to protect his interests.

We also agree with the district court that the record does not reveal factual disputes material to the fraudulent concealment defense.

It follows that the district court correctly dismissed Dougherty's fraud claim under the applicable four-year statute of limitations,[6] and his TDTPA claim under the applicable two-year statute of limitations.[7]

For these reasons and the more detailed reasons advanced by the district court in its careful November 12, 2021, Memorandum Opinion and Order, we AFFIRM the district court's judgment.

---

[6] TEX. CIV. PRAC. & REM. CODE §16.004(a).

[7] TEX. BUS. & COM. CODE §17.565.