Opinion issued March 31, 2011


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00425-CV

———————————

Michael W. Elliott, Appellant

V.

James A.
West and Ross Reporting, Inc., Appellee



 



 

On Appeal from the Civil County Court at Law Number Four 

Harris County, Texas



Trial Court Case No. 932254

 



 

MEMORANDUM OPINION

          Appellant
Michael W. Elliott appeals from a no-evidence summary judgment granted against
him.  In a single issue, Elliott argues
that the county court at law erred in granting summary judgment because the
time for discovery had not passed and because he put forth sufficient evidence
to raise a question of fact on the elements of his claims.  We overrule Elliott’s single issue and affirm
the county court at law’s judgment.

Background

          Appellee
Ross Reporting Services, Inc. (“Ross”) is a court reporting agency that
provides transcripts for depositions taken in lawsuits, among other
services.  In April of 2006, Elliott
attended a deposition at which Ross provided the court reporting services.  The parties dispute whether Elliott owes Ross
fees for its services at that deposition. 
Ross brought an action against Elliott in justice court to recover $175.76
in unpaid fees, and Elliott filed a counterclaims.  In April of 2008, the justice court entered a
summary judgment on Ross’s claims against Elliott, awarding $175.76 plus
interest and attorneys’ fees.  The April
2008 summary judgment did not dispose of Elliott’s counterclaims.  In August of 2008, the justice court entered a
final summary judgment that Elliott take nothing on his counterclaim.  

          In
December of 2008, Elliott sought a bill of review, asserting that he had not
received notice of the summary judgment motion or hearing.  The justice court ruled against Elliott on
his bill of review, and Elliott did not appeal from that decision.  Instead, Elliott filed suit against Ross and its
legal counsel, appellee James A. West, in the county court at law based on the
underlying dispute over court reporting fees and Ross and West’s conduct in the
justice court suit.  Ross and West filed
a motion for summary judgment, asserting that Elliott’s claims against Ross
were barred by res judicata or as an impermissible collateral attack on the
judgment in the justice court suit and Elliott’s claims against West were
barred by the qualified immunity afforded to attorneys representing an opposing
party in litigation; Ross and West also requested summary judgment on their
counterclaim against Elliott for attorneys’ fees.  Elliott filed a response containing
counterarguments but not attaching any summary judgment evidence.  After the summary judgment hearing on April
15, 2009, Elliott filed a sworn affidavit with the trial court.  

On April 16, the county court at
law granted summary judgment in favor of Ross and West on all of Elliott’s
claims against them and on their counterclaim for attorneys’ fees, awarding
$750 plus interest.  Elliott filed this
appeal from the county court at law’s judgment against him.

Summary Judgment

          A.      Standard
of Review

We review a trial
court’s decision to grant summary judgment de novo.  Mann Frankfort Stein & Lipp
Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009); Valence Operating Co. v.
Dorsett, 164 S.W.3d 656,
661 (Tex. 2005).  On a motion for
traditional summary judgment, the movant bears the burden of demonstrating that
no genuine issue of material fact exists and it is entitled to judgment as a
matter of law.  Tex. R. Civ. P. 166a(c); KPMG Peat Marwick v. Harrison
Cnty. Hous. Fin. Corp., 988
S.W.2d 746, 748 (Tex. 1999).  A
defendant-movant may meet this burden by conclusively negating at least one
essential element of each of the plaintiff’s causes of action or by
conclusively establishing each element of an affirmative defense.  Sci. Spectrum, Inc. v. Martinez, 941
S.W.2d 910, 911 (Tex. 1997).  We review
the evidence presented in the motion and response in the light most favorable
to the party against whom the summary judgment was rendered, crediting evidence
favorable to that party if reasonable jurors could and disregarding contrary
evidence unless reasonable jurors could not. 
Fielding, 289
S.W.3d at 848; City of Keller v.
Wilson, 168 S.W.3d 802, 827 (Tex. 2005).  

B.      Analysis

Elliott argues that the county
court at law erred in granting summary judgment because the time for discovery
had not passed and because he put forth sufficient evidence to raise a question
of fact on the elements of his claims.  Elliott
appears to construe the trial court’s judgment as a no-evidence summary
judgment.  We disagree.  Although the summary judgment motion filed by
Ross and West states in its introductory section that it is a “Traditional and
No-Evidence Motion for Summary Judgment,” the motion does not assert any
no-evidence challenges to any of Elliott’s claims.  Instead, the motion argues only traditional
grounds for summary judgment: qualified immunity and res judicata/impermissible
collateral attack.   Because the trial court’s order grants Ross
and West’s motion for summary judgment, which asserts only grounds for
traditional summary judgment, we treat the judgment as a traditional summary
judgment rather than a  no-evidence
summary judgment.  

In his first argument, that he was
not afforded “adequate time for discovery,” Elliott relies on Rule 166a(i),
which applies only to no-evidence summary judgments.  Tex. R.
Civ. P. 166a(i) (requiring an “adequate time for discovery” before a
party may move for summary judgment “on the ground that there is no evidence of
one or more essential elements of a claim”). 
Elliott does not assert that he filed an affidavit under Rule 166a(g),
nor does he rely on any other basis upon which he contends he was entitled to
additional time.  Cf. Tex. R. Civ. P.
166a(g) (permitting  a party to seek
additional time to obtain affidavits in response to any summary judgment
motion).  Further, Elliott has not
preserved this complaint.  To do so, Elliott
was required to request more time from the trial court and support that request
with either affidavit testimony establishing the need for more time or a
verified motion for continuance.  RHS Interests, Inc. v. 2727 Kirby Ltd.,
994 S.W. 2d 895, 897 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (citing Tenneco Inc. v. Enterprise Prods. Co.,
925 S.W. 2d 640, 647 (Tex. 1996)); see
also Tex. R. Civ. P. 166a(g)
(providing requirements for affidavit requesting more time to obtain affidavit
evidence); Tex. R. Civ. P. 251, 252
(providing requirements for obtaining a continuance).  Elliott did not request a continuance or
extension of time and did not file any affidavit testimony until after the summary
judgment hearing.  The county court at
law was not required to consider Elliott’s post-hearing affidavit, which Elliott
filed without seeking or obtaining leave of court.  Tex.
R. Civ. P. 166a(c) (providing that, in deciding the summary judgment,
the trial court considers the evidence “on file at the time of the hearing, or
filed thereafter and before judgment with permission of the court”).  We therefore conclude that the county court
of law did not err by failing to afford Elliott additional time.

In his second argument, Elliott
asserts that he has put on sufficient evidence to raise an issue of fact on his
claims.  Again, we note that the summary
judgment granted by the trial court did not attack the sufficiency of Elliott’s
evidence to support his claims but, rather, argued that Ross and West were
entitled to traditional summary judgment on the basis of their affirmative
defenses.  Even if this had been a
no-evidence summary judgment, Elliott filed no evidence with his summary
judgment response.  The only evidence
filed by Elliott was his own affidavit, which he did not file until after the summary
judgment hearing, without leave.  As
noted above, a trial court is not required to consider affidavits filed after
the summary judgment hearing without leave of court.  Tex.
R. Civ. P. 166a(c).  Elliott put
no timely-filed summary judgment evidence before the county court at law.  See
id.  

Although not addressed in his issue
presented, Elliott does make arguments in his brief attacking Ross and West’s
right to summary judgment on their affirmative defenses.  With regard to West’s qualified immunity
defense, Elliott argues that a fact issue exists as to whether West fell
outside of his immunity because he committed “willful and premeditated
fraudulent actions,” citing Albert v.
Crain, Caton & James, P.C., 178 S.W.3d 398, 407 (Tex. App.—Houston [1st
Dist.] 2005, pet. denied).  However, the
Court in Albert held that an attorney
could be liable for such fraudulent actions only if they are “outside the scope
of his legal representation of the client” or “foreign to the duties of an
attorney.”  Id.  The summary judgment
evidence shows that West was legal counsel for Ross in the litigation on which
Elliott’s claims are based, and Elliott’s pleadings demonstrate that the
conduct by West of which Elliott complains occurred in the scope of that legal
representation.  Additionally, Elliot
filed no controverting evidence tending to show actions by West outside the
scope of his representation of Ross.  The
evidence therefore supports the trial court’s summary judgment on Elliott’s
claims against West on the basis of qualified immunity.     

With respect to his claims against
Ross, Elliott argues that this action is not an impermissible collateral attack
on the prior judgment issued by the justice court.  Elliott first asserts that Ross and West
failed to serve him with hearing notices in the previous lawsuit and had ex
parte communications with the justice court in that action.  Elliott does not provide any argument or
legal authority for the implication that such lack of notice could be raised in
this separate action against Ross and West. 
The summary judgment
evidence demonstrates that Elliott raised his lack of notice complaints in the
previous action through a bill of review from the justice court’s summary
judgment.  The justice court ruled
against Elliott on his bill of review, and Elliot did not appeal from that
decision.  He may not now relitigate that
complaint in this action.  See, e.g., Barr v. Resolution Trust Corp. ex rel.
Sunbelt Fed. Sav.,
837 S.W.2d 627, 628 (Tex. 1992); Amstadt v. U.S. Brass Corp., 919 S.W.2d
644, 652 (Tex. 1996); Davis v. Helm,
No. 01–01–00110–CV, 2002 WL 1041314, at *5–6 (Tex. App.—Houston [1st Dist.] May
23, 2002, no pet.) (not designated for publication).  

Elliott next argues that the justice court lacked
jurisdiction because he does not reside in Harris County and the alleged breach
did not occur in Harris County.  To the
extent this is a jurisdictional challenge,[1]
it relates to personal jurisdiction rather than subject-matter
jurisdiction.  See, e.g., CSR Ltd. v. Link,
925 S.W.2d 591, 594 (Tex. 1996) (distinguishing personal and subject-matter
jurisdiction).  A party waives his
challenge to personal jurisdiction over him by making a general appearance
before the court.  E.g., Velco Chems., Inc. v. Polimeri Europa Ams., Inc., No.
14–03–00395–CV, 2004 WL 1965643, at *1–2 (Tex. App.—Houston [14th Dist.] Sept.
7, 2004, no pet.) (mem. op.) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 n.14, 105 S. Ct.
2174, 2182 n.14 (1985)); In re Guardianship of Parker, 275 S.W.3d 623,
627–28 (Tex. App.—Amarillo 2008, no pet.). 
The summary judgment evidence demonstrates that Elliott filed an answer
and counterclaim in the previous lawsuit, which was not made subject to any
special appearance and which expressly states that the justice court has
jurisdiction over the parties and requests affirmative relief.  Elliott therefore waived any challenge to the
justice court’s jurisdiction over him in the prior litigation.  See
Velco Chems., Inc., 2004 WL 1965643, at *1–2; In re Guardianship of
Parker, 275 S.W.3d at 627–28.

Elliott also asserts that this action does not collaterally
attack the judgment in the prior litigation. 
Elliott does not support the assertion with legal argument or authority
nor does he cite to the appellate record. 
In his petition, Elliot urges that Ross and West were not entitled to the
funds awarded to them in the previous action because they allegedly committed fraud,
breach of the underlying transcript agreement, and various other acts of
misconduct. The misconduct alleged by Elliott here relates to the merits of the
issues that were presented in the prior litigation, either in the original
action or in the bill of review proceeding where Elliott complained of Ross and
West’s conduct in the original action. 
This constitutes an impermissible collateral attack on the judgment in
the prior litigation.  See, e.g., Browning v. Prostok, 165 S.W.3d 336, 346 (Tex. 2005); Henderson v. Chambers, 208 S.W.3d 546,
550–51 (Tex. App.—Austin 2006, no pet.). 


Finally, Elliott’s civil conspiracy claim fails as a matter
of law because we have concluded that the trial court properly granted summary
judgment on Elliott’s underlying tort claims against West and Ross.  See
Gonzales v. Am. Title Co. of Houston, 104 S.W. 3d 588, 594 (Tex.
App.—Houston [1st Dist.] 2003, pet. denied) (noting that civil conspiracy is a
derivative action premised on an underlying tort and holding that civil
conspiracy claim failed where underlying tort failed).  

We overrule Elliott’s single point
of error.

Conclusion

We affirm the judgment of the
county court at law.

 

                                                                   Elsa
Alcala

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Alcala and Bland.

 











[1]
          Appellant does not assert that
he does not reside in Texas, only that he does not reside in Harris County.