

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00548-CV

Jose Carlos **RAMOS**,
Appellant

v.

**URBAN, LLC** D/B/A ReBar,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2022-CI-13450
Honorable H. Paul Canales, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Luz Elena D. Chapa, Justice
                Beth Watkins, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: August 7, 2024

AFFIRMED

Appellant Jose Carlos Ramos appeals the trial court's April 24, 2023 order granting summary judgment in favor of appellee Urban, LLC. Ramos argues the trial court erred by granting Urban's summary judgment motion on limitations grounds because (1) the Texas Supreme Court's COVID-19 emergency orders granted the trial court discretion to toll the statute of limitations, (2) the trial court abused its discretion by failing to toll the statute of limitations, and (3) Urban did not carry its burden to conclusively negate the tolling of the statute of limitations pursuant to the emergency orders. We affirm.

BACKGROUND

Ramos worked as a bouncer for Urban's bar, ReBar. On June 12, 2020, during a shift, an intoxicated individual shot Ramos in the arm after Ramos had refused entry to him. Ramos filed suit against Urban on July 19, 2022, more than two years after the incident. Urban moved for summary judgment on limitations grounds, and the trial court granted the motion on April 24, 2023. Ramos then filed this appeal.[1]

SUMMARY JUDGMENT ON LIMITATIONS GROUNDS

Ramos argues (1) the Supreme Court's COVID-19 emergency orders granted trial courts discretion to toll the statute of limitations, (2) the trial court abused its discretion by failing to exercise its discretion to toll the statute of limitations, and (3) the trial court erred by concluding Urban carried its burden by conclusively negating the tolling of the statute of limitations.

A. Standard of Review & Law

"The standard for reviewing a summary judgment under Texas Rule of Civil Procedure 166a(c) is whether the successful movant at the trial level carried its burden of showing that there is no genuine issue of material fact and that judgment should be granted as a matter of law." *Gill v. Hill*, 688 S.W.3d 863, 868 (Tex. 2024) (quoting *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999)) (internal quotation marks omitted). "A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense." *Id.* (quoting *KPMG Peat Marwick*, 988 S.W.2d at 748) (internal quotation marks omitted). "Furthermore, to succeed on limitations at the summary-judgment stage, the movant 'must also conclusively negate application of the discovery rule and

---

[1] Ramos also filed suit against two additional parties, but he has since nonsuited his claims against those parties.

any tolling doctrines pleaded as an exception to limitations.'" *Id.* (quoting *Draughon v. Johnson*, 631 S.W.3d 81, 85 (Tex. 2021)).

"However, a summary-judgment movant does not have the burden of proof to negate *every* potential challenge to a limitations defense." *Id.* A "defendant has the burden regarding any issues raised that affect the running of limitations." *Id.*; *Draughon*, 631 S.W.3d at 88 ("First, the defendant has the burden regarding any issues raised that affect which days count toward the running of limitations—such as accrual, the discovery rule, and tolling.").

"Thus, to obtain traditional summary judgment on a limitations defense, the defendant must conclusively prove (1) when the cause of action accrued, and (2) that the plaintiff brought its suit later than the applicable number of years thereafter—i.e., that 'the statute of limitations has run.'" *Draughon*, 631 S.W.3d at 89 (quoting *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 220 (Tex. 2004)). "So if the nonmovant challenges the date on which the limitations period began or argues that limitations did not expire before suit was filed (due to tolling or some other doctrine), a movant must conclusively disprove the nonmovant's allegations to carry its summary-judgment burden." *Gill*, 688 S.W.3d at 868. "In sum, a plaintiff's assertion that the statute of limitations was tolled falls within the category of issues affecting the running of limitations on which the moving defendant bears the burden." *Draughon*, 631 S.W.3d at 92. Unless "the defendant has conclusively established its entitlement to traditional summary judgment," "the burden does not shift to the plaintiff." *Id.* at 90.[2]

"Undisputed evidence may be conclusive of the absence of a material fact issue, but only if reasonable people could not differ in their conclusions as to that evidence." *Buck v. Palmer*, 381

---

[2] Then, "if the defendant carries that burden and conclusively establishes its defense, the plaintiff can avoid summary judgment by raising a genuine issue of material fact on any equitable defense that its suit should not be barred even though the limitations period has run—such as fraudulent concealment, estoppel, or diligent service." *Id.* at 89; *see* TEX. R. CIV. P. 94 (providing affirmative defenses discussed in *Draughon*).

S.W.3d 525, 527 (Tex. 2012). If the evidence is undisputed and conclusive of the absence of a material fact issue, the question of whether a plaintiff is entitled to recover is a question of law, which we review de novo. *See, e.g.*, *Buck*, 381 S.W.3d at 527; *Jones v. Wright*, 667 S.W.3d 444, 449 (Tex. App.—Beaumont 2023, no pet.); *Lewis v. Ally Fin. Inc.*, No. 11-12-00290-CV, 2014 WL 6997668, at *3 (Tex. App.—Eastland Dec. 4, 2014, no pet.) (mem. op.); *Kessling v. Friendswood Indep. Sch. Dist.*, 302 S.W.3d 373, 379 (Tex. App.—Houston [14th Dist.] 2009, pet. denied).

### B. Analysis

Turning to the record, the material facts are not in dispute: Ramos's claim accrued on June 12, 2020, the day of the shooting, and Ramos filed his lawsuit on July 19, 2022—two years and thirty-seven days after the shooting.[3]

When Urban moved for traditional summary judgment, it argued the statute of limitations had expired based on the foregoing facts and further contended the Texas Supreme Court's emergency orders did not toll the statute of limitations and thereby make Ramos's lawsuit timely. In support of its contention, it included as exhibits the First Emergency Order Regarding the COVID-19 State of Disaster and the Eighth Emergency Order Regarding the COVID-19 State of Disaster. *See First Emergency Ord. Regarding COVID-19 State of Disaster*, 596 S.W.3d 265 (Tex. 2020); *Eighth Emergency Ord. Regarding COVID-19 State of Disaster*, 597 S.W.3d 844 (Tex. 2020). Urban noted Ramos cited and relied upon the First Emergency Order as tolling the statute of limitations in his petition. Urban explained, however, that the First Emergency Order did not apply because the language in the order expired on June 1, 2020, pursuant to the Eighth Emergency

---

[3] Nor does any party dispute the applicable statute of limitations is "two years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.003(a).

Order. It further noted even if the statute of limitations had been tolled for thirty days, Ramos filed suit more than two years and thirty-seven days after the shooting.

Ramos opposed the motion, explaining Urban ignored the "broad grant of discretion" to trial courts to "modify or suspend any and all deadlines and procedures, whether prescribed by statute, rule or order . . . [specifying a date certain]" provided by the Texas Supreme Court in the subsequent emergency orders issued between October 1, 2020 and October 1, 2021. *See Twenty-Sixth Emergency Ord. Regarding COVID-19 State of Disaster*, 609 S.W.3d 135, 135 (Tex. 2020); *Twenty-Ninth Emergency Ord. Regarding COVID-19 State of Disaster*, 629 S.W.3d 863, 863 (Tex. 2020); *Thirty-Third Emergency Ord. Regarding COVID-19 State of Disaster*, 629 S.W.3d 179, 179–80 (Tex. 2021); *Thirty-Sixth Emergency Ord. Regarding COVID-19 State of Disaster*, 629 S.W.3d 897, 897 (Tex. 2021); *Thirty-Eighth Emergency Ord. Regarding COVID-19 State of Disaster*, 629 S.W.3d 900, 900 (Tex. 2021); *Fortieth Emergency Ord. Regarding COVID-19 State of Disaster*, 629 S.W.3d 911, 912 (Tex. 2021). Ramos also argued the statute of limitations was tolled during that period.[4]

Urban filed an amended motion for summary judgment reiterating its original arguments and contending that at the time Ramos filed suit, none of the emergency orders he cited were in effect. Instead, the Fifty-First Emergency Order Regarding the COVID-19 State of Disaster was in effect, and the order includes no language extending deadlines in civil cases.[5] Urban explained that as a result there was no emergency order in place to extend the statute of limitations in this case when Ramos filed suit. After the summary judgment hearing, the trial court granted Urban's

---

[4] Ramos also "move[d] that the court order that the statute of limitations in this case be decreed suspended for the period of October 1, 2020 through October 21, 2021."

[5] The Fifty-First Emergency Order was included as an exhibit to the amended motion.

motion, explaining the latest order did not include language permitting it to toll the statute of limitations.

Here, because it is undisputed Ramos filed suit more than two years after the incident, we need only determine whether Urban conclusively established its defense that the statute of limitations had run by conclusively negating any tolling. *See Gill*, 688 S.W.3d at 868; *Draughon*, 631 S.W.3d at 85. Ramos opposed Urban's summary judgment motion by contending the Twenty-Sixth Emergency Order, Twenty-Ninth Emergency Order, Thirty-Third Emergency Order, Thirty-Sixth Emergency Order, Thirty-Eighth Emergency Order, and Fortieth Emergency Order tolled the statute of limitations, rendering his lawsuit timely. We therefore review whether the trial court erred when it concluded those emergency orders did not toll the statute of limitations. *See, e.g.*, *Buck*, 381 S.W.3d at 527; *Jones*, 667 S.W.3d at 449.

We construe statutes and court orders pursuant to their plain meaning. *See, e.g.*, *Kim v. Ramos*, 632 S.W.3d 258, 269 (Tex. App.—Houston [1st Dist.] 2021, no pet.) ("We interpret court orders, like the Texas Supreme Court's Twenty-Ninth Emergency Order, according to the plain meaning of their terms."); *W. Harwood 334B Land Tr. v. Clement*, No. 02-20-00216-CV, 2021 WL 1229973, at *5 (Tex. App.—Fort Worth Apr. 1, 2021, no pet.) (mem. op.) ("These principles clearly apply to our construction of Government Code Section 22.0035(b)—the authority underlying the Seventeenth Order—and we see no reason not to apply them also to our construction of the order itself."); *see also Clay Expl., Inc. v. Santa Rosa Operating, LLC*, 442 S.W.3d 795, 798 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (providing "legal effect of a court order are questions of law that we determine de novo based on the plain language of . . . order" (citing *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 683 (Tex. 2007)). Each of those emergency orders provides, in pertinent part the orders are "issued pursuant to Section 22.0035(b) of the Texas Government Code." *See Twenty-Sixth Emergency Ord.*, 609

S.W.3d at 135; *Twenty-Ninth Emergency Ord.*, 629 S.W.3d at 863; *Thirty-Third Emergency Ord.*, 629 S.W.3d at 179–80; *Thirty-Sixth Emergency Ord.*, 629 S.W.3d at 897; *Thirty-Eighth Emergency Ord.*, 629 S.W.3d at 900; *Fortieth Emergency Ord.*, 629 S.W.3d at 912. Texas Government Code section 22.0035(b) allows the Texas Supreme Court to "modify or suspend procedures for the conduct of any court proceeding affected by a disaster during the pendency of a disaster declared by the governor." TEX. GOV'T CODE § 22.0035(b). It further provides any such order "may not extend for more than 90 days from the date the order was signed unless renewed by the chief justice of the supreme court." *Id.*

Each of the emergency orders further provides:

Subject only to constitutional limitations, all courts in Texas may in any case, civil or criminal—and must to avoid risk to court staff, parties, attorneys, jurors, and the public—without a participant's consent:

a.  except as provided in paragraph (b)[6], modify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order . . . .

*See Twenty-Sixth Emergency Ord. Regarding COVID-19 State of Disaster*, 609 S.W.3d 135, 135 (Tex. 2020); *Twenty-Ninth Emergency Ord. Regarding COVID-19 State of Disaster*, 629 S.W.3d 863, 863 (Tex. 2020); *Thirty-Third Emergency Ord. Regarding COVID-19 State of Disaster*, 629 S.W.3d 179, 179–80 (Tex. 2021); *Thirty-Sixth Emergency Ord. Regarding COVID-19 State of Disaster*, 629 S.W.3d 897, 897 (Tex. 2021); *Thirty-Eighth Emergency Ord. Regarding COVID-19 State of Disaster*, 629 S.W.3d 900, 900 (Tex. 2021); *Fortieth Emergency Ord. Regarding COVID-19 State of Disaster*, 629 S.W.3d 911, 912 (Tex. 2021).[7] "Case" means "[a] civil or criminal

---

[6] Paragraph (b) addresses proceedings under Subtitle E, Title 5 of the Family Code.

[7] The language in the Fortieth Emergency Order is identical, except it excludes the language providing courts "must [modify or suspend deadlines or procedures] to avoid risk to court staff, parties, attorneys, jurors, and the public."

proceeding, action, suit, or controversy at law or in equity." *Case*, BLACK'S LAW DICTIONARY (12th ed. 2024), *available at Westlaw*; TEX. GOV'T CODE § 311.011.

Each of the emergency orders further provides their "effective" and "expir[ation]" dates. *See Twenty-Sixth Emergency Ord.*, 609 S.W.3d at 138; *Twenty-Ninth Emergency Ord.*, 629 S.W.3d at 866; *Thirty-Third Emergency Ord.*, 629 S.W.3d at 182; *Thirty-Sixth Emergency Ord.*, 629 S.W.3d at 899; *Thirty-Eighth Emergency Ord.*, 629 S.W.3d at 902; *Fortieth Emergency Ord.*, 629 S.W.3d at 913. "Effective" means "in operation at a given time." *Effective*, BLACK'S LAW DICTIONARY (12th ed. 2024), *available at Westlaw*. "Expire" means "to be no longer legally effective; to become null at a time fixed beforehand" or "to come to an end." *Expire*, BLACK'S LAW DICTIONARY (12th ed. 2024), *available at Westlaw*. The emergency orders were therefore in operation from October 1, 2020—the effective date of the Twenty-Sixth Emergency Order— through October 1, 2021—when they came to an end pursuant to the expiration date of the Fortieth Emergency Order. *See Twenty-Sixth Emergency Ord.*, 609 S.W.3d at 138; *Twenty-Ninth Emergency Ord.*, 629 S.W.3d at 866; *Thirty-Third Emergency Ord.*, 629 S.W.3d at 182; *Thirty-Sixth Emergency Ord.*, 629 S.W.3d at 899; *Thirty-Eighth Emergency Ord.*, 629 S.W.3d at 902; *Fortieth Emergency Ord.*, 629 S.W.3d at 913. The Fortieth Emergency Order further provided it was "intended to be the final renewal of" the paragraph providing the trial courts the power to modify or suspend any and all deadlines and procedures in proceedings, except in justice and municipal court proceedings. *Fortieth Emergency Ord.*, 629 S.W.3d at 913.

Taken together, the emergency orders provided all trial courts with discretion to modify or suspend any and all deadlines and procedures in any case between October 1, 2020 and October 1, 2021. A previously noted, Ramos filed his case on July 19, 2022. At that time, the effective emergency order was the Fifty-First Emergency Order. *See Fifty-First Emergency Ord. Regarding COVID-19 State of Disaster*, 660 S.W.3d 98 (Tex. 2022). The Fifty-First Emergency Order, also

in effect at the time Ramos's statute of limitations expired a little over a month earlier, does not contain language of any kind tolling any deadlines or statutes of limitation. *See Fifty-First Emergency Ord.*, 660 S.W.3d at 99. Urban therefore carried its burden to conclusively establish its defense of statute of limitations and conclusively negated the application of any tolling. *See Gill*, 688 S.W.3d at 868; *cf. Kim*, 632 S.W.3d at 269–70 ("When the trial court granted Ramos's third motion for extension of time to serve an expert report and later denied Dr. Kim's motion to dismiss, the Texas Supreme Court's Twenty-Ninth Emergency Order was in effect" and "under its plain terms" the emergency order "permitted the trial court, in its broad discretion, to extend the deadline for Ramos to serve his expert report on Dr. Kim."). The burden then shifted to Ramos to raise a genuine issue of material fact. *See Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018) ("If the movant carries this burden, the burden shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment."). But Ramos did not raise any material facts precluding summary judgment.

Accordingly, we cannot conclude the trial court erred by granting Urban's motion for summary judgment.

## CONCLUSION

We affirm the trial court's April 24, 2023 order granting Urban's motion for summary judgment.

Luz Elena D. Chapa, Justice